# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**PECOLA MCKINNEY**                                                                                        **PLAINTIFF**

                                                                                                     **NO. 4:19CV00025-JMV**

**NANCY BERRYHILL**
*COMMISSIONER OF SOCIAL SECURITY*                                                    **DEFENDANT**

## ORDER ON PETITION FOR ATTORNEY FEES

Before the Court are Plaintiff's motion [20] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Defendant's response [21], and Plaintiff's reply [22]. Having duly considered the motion, the Court finds it should be granted in part and denied in part.

In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Final Judgment [19] dated January 16, 2020, this Court remanded this case to the Commissioner for further proceedings. Plaintiff now seeks attorney fees in the amount of $4,564.75 for attorney work before this Court and $24.00 in costs for U.S. Marshal service of process fees on the grounds that Plaintiff was the prevailing party and the Commissioner's position was not "substantially justified."

The Commissioner does not oppose the requested attorney fee award but insists the Court direct that the fee award be made payable to Plaintiff, not her counsel. The Commissioner objects, however, to the request for reimbursement for costs on the basis that Plaintiff was granted leave in this action to proceed without payment of costs, and the statute that authorizes such relief shields the government from liability for costs. *See* 28 U.S.C. § 1915(f)(1) (stating

the United States shall not be liable for any costs incurred in a case where an individual proceeds *in forma pauperis*).

In her reply, Plaintiff argues the Commissioner's position regarding costs is inconsistent with that taken in a number of other Social Security cases filed in this district. Plaintiff does not address the clear language of 28 U.S.C. § 1915(f)(1), however. Consequently, based on the clear language of § 1915(f)(1) and Plaintiff's failure to present any authority to the contrary, the request for costs is denied on this record. *See Anderson v. Commissioner of Social Security*, No. 3:14CV00275, 2015 WL 6828927, at * 1 (N.D. Miss. Nov. 6, 2015) (denying request for costs of overnight mailing and photocopying); *Clements v. Colvin*, No. 3:15cv20, 2015 WL 6554482, at * 2 (N.D. Miss. Oct. 29, 2015) ("Courts interpreting [28 U.S.C. § 1915(f)(1)] have consistently held that costs cannot be award against the United States in an *in forma pauperis* appeal. As a consequence, the court holds that plaintiff is barred from recovering $115.36 in printing costs by operation of § 1915(f)(1)."); *Craig v. Comm'r of Soc. Sec.*, No. CV 17-1715-EWD, 2019 WL 3937633, at *1-2 (M.D. La. Aug. 20, 2019) (disallowing recovery of certified mail expenses for service of the complaint and summons).

**THEREFORE, IT IS ORDERED**:

That the Commissioner shall promptly pay to Plaintiff $4,564.75 in attorney fees for the benefit of her counsel.

This 18th day of March, 2020.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE